[Cite as *State v. Lusher*, 2016-Ohio-3047.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MARK R. LUSHER | : | Case No. 15CA59 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:              Appeal from the Richland County
                                                              Court of Common Pleas, Case No.
                                                              2008-CR-0498 H

JUDGMENT:                                        Affirmed

DATE OF JUDGMENT:                         May 16, 2016

APPEARANCES:

For Plaintiff-Appellee                                    For Defendant-Appellant

BAMBI COUCH PAGE                                  MARK R. LUSHER. pro se
Prosecuting Attorney                                   VOA-Residential Reentry Facility
                                                                     921 N. Main Street
By: DANIEL M. ROGERS                             Mansfield, Ohio 44903
Assistant Prosecuting Attorney
Richland County Prosecutor's Office
38 S. Park Street
Mansfield, Ohio 44902

*Baldwin, J.*

{¶1}    Defendant-appellant Mark Lusher appeals from the June 25, 2015 Order of the Richland County Court of Common Pleas overruling his Motion to Withdraw Guilty Plea. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    The Richland County Grand Jury indicted appellant in 2008 on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), a felony of the second degree, one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), a felony of the third degree, and three counts of operating a motor vehicle under the influence of drugs and/or alcohol ("OVI") in violation of R.C. 4511.19(A), misdemeanors of the first degree.

{¶3}    On September 17, 2008, appellant entered a plea to aggravated vehicular homicide, aggravated vehicular assault and OVI. The two remaining OVI counts were dismissed. On December 10, 2008, the trial court sentenced appellant to eight years in prison on the charge of aggravated vehicular homicide, five years in prison on the charge of aggravated vehicular assault, and six months on the charge of OVI. The charges were ordered to be served concurrently, for a total sentence of eight years in prison. The trial court further ordered appellant to pay a fine of $15,000.00, restitution and court costs. In addition, appellant was sentenced to five years of post-release control and appellant's driver's license was suspended for life.

{¶4}    Appellant filed a Notice of Appeal on January 22, 2009 with this Court in Case No. 09–CA–10. That appeal was dismissed on March 5, 2009 for failure to prosecute.

{¶5} On February 24, 2010, appellant filed a Motion to Vacate all fines and court costs with the trial court. On March 2, 2010, appellant filed a motion for transcripts in this case under the guise of a public records request. The motions were overruled pursuant to Judgment Entries filed on March 17, 2010 and March 26, 2010.

{¶6} Appellant, on April 22, 2010, filed a Motion to Correct an Improper Sentence. Appellee agreed that the trial court had improperly imposed post-relief control in this case, imposing five years, rather than the mandatory three years of post-relief control as required under statute. Appellee requested that appellant be brought back for re-sentencing.

{¶7} On May 17, 2010, appellant filed a Motion to Withdraw Guilty Plea pursuant to Crim.R. 32.1. Appellant specifically argued in his motion that he was not properly informed by the trial court, prior to his plea, that the maximum sentence he faced included a lifetime driver's license suspension. Appellant also argued that the plea agreement had been violated.

{¶8} On August 6, 2010, appellant appeared before the trial court for resentencing and was sentenced to the same prison sentence as before with the exception that he was sentenced to three (3) years of mandatory post-release control rather than a discretionary five years. The court's August 9, 2010 Entry states that appellant was advised of his right to appeal.

{¶9} Thereafter, on September 7, 2010, appellant filed a Notice of Appeal of his re-sentencing in 5th Dist. Richland No. 10–CA–107. Via a Judgment Entry filed March 11, 2011, this Court dismissed appellant's appeal for failure to prosecute after he had been granted five extensions and failed to file a brief.

{¶10} The trial court, on November 1, 2010, overruled appellant's May 17, 2010 Motion to Withdraw Guilty Plea. Appellant did not appeal such ruling.

{¶11} On July 3, 2013, appellant, who was represented by counsel, filed his second Motion to Withdraw his guilty plea. Appellant again argued that the trial court's failure to inform him of the lifetime license suspension was a failure to inform him of the maximum penalty, thus making his plea unknowing and involuntary. Defense counsel cited to sections of the sentencing transcript in the motion. The trial court overruled appellant's motion pursuant to a Judgment Entry filed August 13, 2013. The trial court cited the reasons stated in appellee's motion in opposition, which included that appellant's argument was barred by *res judicata,* as the grounds for overruling the motion.

{¶12} Appellant then appealed. Pursuant to an Opinion filed on May 5, 2014 in *State v. Lusher,* 5th Dist. Richland No. 13–CA–83, 2014–Ohio–1930, this Court affirmed the judgment of the trial court. A Nunc Pro Tunc Opinion was filed on July 18, 2014.

{¶13} Subsequently, on August 13, 2014, appellant filed a Motion for Resentencing. Appellant, in his motion, argued that his plea was not knowing, intelligent and voluntary. Appellant argued that the trial court had failed to comply with Crim.R. 11, had failed to inform him that he had a right to appeal, had failed to allow him to read the presentence investigation report and to comment on the same, and had failed to inform him that he was obligated to pay for any of the costs of his own prosecution. Appellant further argued that appellee had breached the plea agreement with respect to the length of appellant's license suspension. Appellee filed a response to appellant's motion on August 19, 2014.

{¶14} Pursuant to a Judgment Entry filed on August 28, 2014, the trial court overruled appellant's motion. The trial court found that the five grounds for resentencing

raised in appellant's motion were barred by the doctrine of res judicata. The trial court further found that appellant had failed to timely file a post-conviction petition or meet the standards for an untimely filing under R.C. 2953.23(A).

{¶15} Appellant then appealed raising, in part, the following assignments of error on appeal:

I. THE STATE [FAILED] TO ADVISE DEFENDANT THAT BY ENTERING INTO A PLEA AGREEMENT, HE WOULD: [ALSO BE WAIVING] HIS CONSTITUTIONAL RIGHTS, AS SET FORTH IN CRIMINAL RULE 11(C)(2)(a)(b)(c), (E), and (F).

II. THE STATE, AFTER SENTENCING, [FAILED] TO INFORM DEFENDANT "ON THE RECORD AND IN OPEN COURT" OF HIS CRIMINAL RULE 32 RIGHTS. THAT IS, HIS CRIMINAL RULE 32(B)—NOTIFICATION ON RIGHT TO APPEAL.

{¶16} Pursuant to an Opinion filed on May 18, 2015 in *State v. Lusher*, 5th Dist. Richland No. 14CA72, 2015-Ohio-1924, this Court affirmed the judgment of the trial court, finding that appellant's claims were barred by the doctrine of res judicata and that his Motion for Resentencing was an untimely post-conviction relief motion.

{¶17} Thereafter, appellant, on June 15, 2015, filed a Criminal Rule 32.1 Withdrawal of Guilty Plea. Appellant, in his motion, argued that his guilty plea was invalid due to the State's failure to comply with Crim.R. 32.1(C)(2)(c). Appellant argued that he was never advised on the record that, by entering into a plea agreement, he would be waiving his constitutional rights.

{¶18} The trial court, pursuant to an Order filed on June 25, 2015, overruled appellant's June 15, 2015 motion on the basis that the issues raised were barred by the

doctrine of res judicata.  The trial court, in its Order, noted that appellant's motion was his third motion to withdraw his guilty plea and that "the defendant has raised this exact same issue previously and the Fifth District Court of Appeals ruled that this specific argument was barred by *res judicata*."

{¶19}  Appellant now appeals from the trial court's June 25, 2015 Order, raising the following assignment of error of error on appeal:

{¶20} THE TRIAL COURT FAILED TO STRICRTLY (SIC) COMPLY WITH CRIMINAL RULES 11(C)(2)(a)(b)(c) AND (F). THAT IS, THE TRIAL COURT FAILED TO ORALLY ADVISE DEFENDANT DURING THE PLEA AGREEMENT THAT HE WOULD BE WAIVING HIS CONSTITUTIONAL RIGHTS WHEN HE ENTERED INTO A PLEA AGREEMENT WITH THE STATE. THAT OMISSION RESULTED IN CRITICAL AND DEFINING LANGUAGE BEING OMITTED DURING THE CHANGE OF PLEA HEARING. MEANING: THE STATE'S FAILURE TO INCORPORATE THE LANGUAGE THAT DEFENDANT WAS WAIVING HIS CONSTITUTIONAL RIGHTS CHANGED THE INTENDED MESSAGE THAT WAS REQUIRED TO BE TRANSMITTED/UNDERSTOOD BY THE DEFENDANT.

I

{¶21}  Appellant, in his sole assignment of error, argues that the trial court erred in overruling his June 15, 2015 Motion to Withdraw Guilty Plea.

{¶22}  We find that the issue raised by appellant is barred by the doctrine of res judicata. Appellant raised the same issue that he now sets forth in the instant appeal in a previous appeal. As noted by the trial court, appellant raised the same claim in *State v. Lusher*, 5th Dist. Richland No. 14CA72, 2015-Ohio-1924. This Court, in our Opinion in such case, affirmed the judgment of the trial court, finding that appellant's arguments that

the trial court failed to comply with Crim.R. 32 and Crim.R. 11 were barred by the doctrine of res judicata. Appellant's claim in this case is, therefore, also barred under the doctrine of res judicata. *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The *Perry* court explained the doctrine as follows: "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *Id.* at paragraph 8 of the syllabus.

{¶23} Appellant's sole assignment of error is, therefore, overruled.

{¶24} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.